**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| Tabitha Eileen Britt, as Personal Representative, of the Estate of James Claude Britt, Jr. ) ) ) | C/A No.: 2:21-CV-3770-RMG-MGB |
| Plaintiff, ) | |
| v. ) ) | |
| ) | **PLAINTIFF'S RESPONSE IN** |
| The County of Charleston, South Carolina; ) | **OPPOSITION TO DEFENDANT** |
| David Abrams, in his official capacity and his ) | **GREG CARNEY'S OBJECTION** |
| individual capacity; Thomas "Chris" Esdorn, in ) | **TO THE MAGISTRATE'S** |
| his individual capacity; Gregory "Greg" Carney, ) | **REPORT & RECOMMENDATION** |
| in his individual capacity; and David M. French, ) | |
| M.D., in his individual capacity, ) ) | |
| Defendants. ) ) | |

Plaintiff, Tabitha Eileen Britt, as Personal Representative, of the Estate of James Claude Britt, Jr., by and through the undersigned counsel, hereby submits Plaintiff's Response in Opposition to Defendant Greg Carney's Objection to the Magistrate Judge's Report and Recommendation. (Dk. No. 20). Herein, Plaintiff specifically replies and responds to Defendant Carney's objection(s) as presented by Defendant's memorandum.

**I.     Defendant does not submit an objection with sufficient specificity.**

As an initial matter, it appears Defendant Carney sets forth a general objection to the Magistrate Judge's ruling that Defendant's motion to dismiss should be denied.[1] The Notice of Right to File Objections to Report and Recommendation that accompanies the Magistrate's Report and Recommendation provides litigants with notice as to the requirements of 28 U.S.C. § 636(b)(1)

---

[1] Plaintiff agrees and stipulates to the dismissal of Defendant Greg Carney from Plaintiff's claim for injunctive relief. Neither party challenges the Magistrate's dismissal of that cause of action as to Defendant Greg Carney only.

1

and Rule 72(b), FRCP.  (Dk. No. 17).  The notice states, "**Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections**."  (Dk. No. 17)(emphasis in original).  Section 636(b)(1)(A) states, "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

While not published in the Federal Supplement, this Court has previously weighed the specificity of objections to a magistrate's report and recommendation, providing some guidance to litigants appearing therein.  *See e.g., Hobek v. The Boeing Company*, 2017 WL 3085856, C/A 2:16-cv-3840-RMG (D.S.C. July 20, 2017).  The Court cited the following authorities and guidance in its order.  When a litigant fails to file a specific objection, the District Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  "A general objection . . . fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C)."  *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).  "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized. . ."  *Id.*; *United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir. 2007).  The failure to object with specificity "is, standing alone, a sufficient basis upon which to affirm the judgment of the district court."  *Id.*; *Page v. Lee*, 337 F.3d 411, 416 n.3.  "Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection makes the initial reference to the magistrate useless."  *Id.* at 844-46 (internal quotation omitted).

"Accordingly, a general objection to the entirety of the magistrates' report has the same effect as would a failure to object." *Id.* at 841 (internal quotation omitted).

Defendant Carney "requests that this Court reject that portion of the R&R recommending denying dismissal of the state-law claims . . . ." (Dk. No. 20). Further, Defendant's "Argument" section sets forth his objection merely as "The R&R erred in concluding that Plaintiff's state-law claims do not sound in medical malpractice." (Dk. No. 20). Essentially Defendant asserts that his actions as alleged in Plaintiff's Complaint fall within the constricts of the medical malpractice statutes of South Carolina. (Dk. No. 20). As such, Defendant's objection simply repackages the same arguments already presented to the Magistrate Judge.

Because Defendant Carney fails to submit his objection(s) to the Report and Recommendation with sufficient specificity and particularity, the District Court need only review the Magistrate Judge's order for clear error. And because the Magistrate Judge did not err regardless of standard of review, the Report and Recommendation should be affirmed in toto.

## II.     The Magistrate Judge properly ruled that Plaintiff's claims do not sound in medical malpractice.

To the degree Defendant's objection is sufficiently specific and particular to the Magistrate Judge's ruling that "it seems clear that Plaintiff's claims do not sound in medical malpractice," the Magistrate's order should be affirmed.[2] (Dk. No. 17). Defendant Carney cannot show the Magistrate Judge's order is against the clear law of the State of South Carolina and/or that applicable to the facts alleged in the present case. Defendant Carney's argument fails for multiple reasons.

---

[2] Defendant Carney does not list any other allegations of error besides, "The R&R erred in concluding that Plaintiff's state-law claims do not sound in medical malpractice." (Dk. No. 20). Any and all other possible objections are thereby waived.

3

First, Defendant Carney fails to establish the medical malpractice statutes even apply to paramedics whatsoever. Defendant Carney does not provide citation to any binding precedent for his assertion the affidavit requirement would apply to his status as a paramedic. Instead, Defendant Carney argues S.C. Code Ann. § 15-36-100 is irrelevant. (Dk. No. 20). However, this argument is neither supported by logic or the law. Defendant Carney's motion is based on his argument that Plaintiff did not comply with the affidavit requirement – a requirement he fails to acknowledge is derived from S.C. Code Ann. § 15-36-100(B). In arguing that S.C. Code § 15-36-100 does not apply, Defendant Carney ignores the clear pronouncement of the South Carolina Supreme Court that "S.C. Code § 15-36-100 is incorporated into S.C. Code § 15-79-125 **in its entirety**." *Ranucci v. Crain,* 409 S.C. 493, 502, 763 S.E.2d 189, 193 (2014) (emphasis added). The affidavit is only required for "professional negligence against a professional licensed by or registered with the State of South Carolina **and** listed in subsection (G) . . ." S.C. Code Ann. § 15-36-100(B)(emphasis added). Neither Paramedics nor EMTs are not listed in subsection (G). S.C. Code Ann § 15-36-100(G). The General Assembly included other medical service providers, such as, chiropractors, medical doctors, nurses, physical therapists, and physicians' assistants. *Id.* But it did not include paramedics or EMTs. "[T]he language in the statute is to be strictly construed, and § 15–36–100 cannot extend any further than what the General Assembly clearly intended." *Grier v. AMISUB of S.C., Inc.,* 397 S.C. 532, 538, 725 S.E.2d 693, 697 (2012). Accordingly, Defendant Carney cannot show that his status as a paramedic would trigger the affidavit requirement to begin with. As such, Defendant Carney does not and cannot show the Magistrate Judge's order denying his motion to dismiss is in error.

Second, Defendant Carney fails to demonstrate that conduct alleged to have occurred for "a law enforcement purpose only" and where "there was no medical purpose whatsoever for the

4

intentional and willful acts" should, instead, be treated as medical negligence.  (Dk. No. 05-1 ¶ 139; Dk. No. 20).  It appears that Defendant Carney's argument is that his actions, even those with no medical purpose or justification, should fall within the constricts of the medical malpractice statutes simply because he is a paramedic and was on duty as a paramedic at the time of the events in this case. (Dk. No. 20).   However, Plaintiff alleges Defendant acted "completely outside any generally accepted standard of care." (Dk. No. 05-01, ¶ 141).  That is, the actions complained of are not within Defendant's regular and proper capacity as a paramedic but rather in a capacity to undertake a law enforcement objective and assist in the arrest of James Britt.  But instead of open hand controls or use of a Taser, Defendant Carney injected Britt with Ketamine.

Indeed, two of the cases he relies on are readily distinguishable and one case supports Plaintiff's position in this case.  In *Livingston v. Kehagias, 803 F.App'x 673 (4th Cir. 2020)* the paramedics were providing treatment for injuries sustained during an arrest inflicted by someone else.  In *Meyers v. Baltimore City., Md.*, 713 F.3d 723 (4th Cir. 2013) no claims were asserted against the paramedics as far as Plaintiff reads the case.  Here, in stark contrast, Defendant Carney is the one alleged to have assaulted Mr. Britt and caused his injuries.

But in *Lawhorn v. Edwards*, 477 F. Supp. 3d 428 (E.D. Va. 2020), the paramedics were sued for excessive force arising from the continued restraint of a subdued person.  *Lawhorn v. Edwards*, 477 F. Supp. 3d 428 (E.D. Va. 2020).  The District Court denied both the paramedics and the law enforcement officers' motions to dismiss and for qualified immunity.  *Lawhorn v. Edwards*, 477 F. Supp. 3d at 448.  The Fourth Circuit, on de novo review, affirmed the District Court's denial of qualified immunity on the excessive force claims and affirmed the District Court's denial of state-law immunity.  *Lawhorn v. Mayes*, 2021 WL 5294931, *2-3 (4th Cir. Nov. 15, 2021).  The Fourth Circuit said, "Here, as the district court held, given the force the officers

**and paramedics** continued to employ after securing Lawhon in handcuffs, the plaintiff successfully made out a violation of the constitutional right to be free from excessive force." *Id*. at *2 (emphasis added). In affirming the denial of paramedics' motions to dismiss the state-law claims, the Fourth Circuit quoted *Rowland v. Perry*, saying "The parallel state law claims of . . . battery [are] subsumed within the federal excessive force claim and so go[] forward as well." *Id*. at 3; *Rowland v. Perry*, 41 F.3d 167, 174 (4th Cir. 1994).

In the case at hand, Plaintiff alleges "Defendants did not use Ketamine to treat a medical condition or to transport Mr. Britt to the hospital for further treatment. Rather these Defendants used Ketamine for police purposes, generally, and more particularly to effect his arrest and incarceration." (Dk. No. 05-01, ¶ 61). Plaintiff further alleges, "Decedent was completely subdued at the time he was injected with Ketamine. Even though he posed no risk of harm to anyone, Defendant Carney and Defendant Esdorn intentionally and purposefully injected Decedent with the sedative to further subdue him. In doing so, the actions of Defendant Carney and Defendant Esdorn were an unlawful, unjustified, and unreasonable use of force." (Dk. No. 05-01, ¶ 62).

Defendant Carney's actions in this case were not medically related. His actions were related to law enforcement activities. The illegal and offensive aspect of Defendant Carney's actions is its complete lack of medical justification or purpose. The very essence of Plaintiff's Complaint is that Defendant Carney acted outside of his medical role and instead assumed a policing role. (Dk. No. 05-01, ¶ 138 & 139).

Defendant Carney would have this Court hold that all of his actions while wearing the paramedic uniform constitute medical negligence. However, if Defendant Carney had plunged a scapple into James Britt to gain compliance, as he did the Ketamine, the analysis would be the

same. If Defendant Carney had placed a knee into Britt's back, the analysis would be the same. If Defendant Carney had used some type of chokehold to incapacitate Britt, the analysis would be the same. His conduct was not medical negligence or medical malpractice. His conduct was an unconstitutional use of force and an assault and battery.

Finally, Defendant Carney was not simply present at the scene at the same time as law enforcement. And Plaintiff does not contend that all arrests and treatment for medical emergencies are mutually exclusive. Instead, Plaintiff contends Defendant Carney's actions under this set of facts were not performed for treatment of a medical emergency. This is why Plaintiff's Complaint specifies the complete absence of any medical evaluation before Defendant Carney injects Britt with Ketamine. If there was a medical purpose to Defendant Carney's actions, then surely there would have been some kind of medical evaluation or assessment before he acted. But no medical evaluation or assessment was done because he was not acting for a medical purpose.

## Conclusion

For the reasons set forth herein and those arguments presented to the Magistrate Judge in Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Plaintiff respectfully requests this Court enter an order affirming the Magistrate Judge's Report and Recommendation and denying Defendant's motion to dismiss.

Respectfully submitted,

**McLEOD LAW GROUP, LLC**

BY: s/ Michael T. Cooper
W. Mullins McLeod, Jr., Fed. ID# 12198
Michael Thomas Cooper, Fed. ID# 7142
P.O. Box 21624
Charleston, SC 29413
843-277-6655

*Attorneys for Plaintiff*

7

March 9, 2022
Charleston, South Carolina

8