# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Tabitha Eileen Britt, as personal representative of the Estate of James Claude Britt, Jr., | ) ) ) ) | Civil Action No. 2:21-3770-RMG |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| v. | ) ) ) | |
| The County of Charleston, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Defendant Gregory Carney's partial motion to dismiss be granted in part and denied in part. (Dkt. No. 17.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.    Background**

Plaintiff alleges that in 2019, Mount Pleasant Police Officers arrived to assist decedent James Britt with a blown tire and shortly thereafter stated they were arresting him for public intoxication. The officers restrained Britt face-down on the ground by pinning Britt's back, neck, arms and legs under their weight and handcuffing his arms behind his back as well as his ankles. Britt struggled to breath and told the officers. Defendant Carney, an Emergency Medical Technician, retrieved Ketamine solution from his truck and drew it into a syringe. Britt objected to being injected and Defendant Carney told him it would make him "have a good time." Britt again objected and resisted, repeatedly saying, "No." Defendant Carney then injected Britt with a lethal dose of Ketamine. Several minutes later, Britt's heart and breathing stopped and he lost

consciousness. Britt died the following month. A Medical University of South Carolina forensic pathologist and the Charleston County Coroner ruled Britt's death a homicide. (Dkt. No. 5-1.)

Plaintiff, Britt's widow, brings several claims against several defendants on behalf of his estate. The claims against Defendant Carney are for (1) 42 U.S.C. § 1983 excessive use of force in his individual capacity (First Cause of Action); (2) § 1983 procedural and substantive due process violations of the right to bodily integrity in his individual capacity (Second Cause of Action); (3) South Carolina common law (not SCTCA) assault and battery (Ninth Cause of Action); (4) S.C. Code § 15-51-10, *et seq.* wrongful death (Tenth Cause of Action); (5) § 15-5-90, *et seq.* survival action (Eleventh Cause of Action); and (6) § 1983 and common law injunctive relief as an employee of the County of Charleston (Fourteenth Cause of Action). (Dkt. No. 5-1.) Defendant Carney moves to dismiss the claims for assault and battery, wrongful death, survival, and injunctive relief. (Dkt. No. 9.) Plaintiff responded and Carney replied. (Dkt. Nos. 15, 16.)

**II.     Legal Standard**

**A.     Review of R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see*

*also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.      Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).  Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. (internal quotation marks and citation omitted).  For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**III.     Discussion**

The Magistrate Judge recommends that Defendant Carney's partial motion to dismiss be granted in part and denied in part. (Dkt. No. 17.)  Carney and Plaintiff filed objections. (Dkt. Nos. 20, 21.)

A.     **Assault and Battery (Ninth Cause of Action), § 15-51-10, et seq. Wrongful Death Act (Tenth Cause of Action), and § 15-5-90, et seq. Survival Action (Eleventh Cause of Action)**

Carney makes the same arguments to dismiss the three state law claims—the Ninth, Tenth and Eleventh Causes of Action. Carney first argues that the claim for assault and battery must be dismissed because Plaintiff filed comply with S.C. Code § 15-79-125, which requires a plaintiff bringing a medical malpractice claim to contemporaneously file a notice of intent to file suit and an expert affidavit. As an initial matter, the Court notes that even if this claim were properly construed as for medical malpractice, the Fourth Circuit would very likely find it is not subject to South Carolina's notice-and-affidavit requirement. *See Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021) (holding "that failure to comply with West Virginia's MPLA [W. Va. Code § 55-7B-6] is not grounds for dismissal of Pledger's federal-court FTCA action" because "there is now a growing consensus [among states] that certificate requirements like West Virginia's do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure").

Regardless, Carney argues that Plaintiff's claim must necessarily be for medical malpractice, to which he contends the notice-and-affidavit requirement would apply in federal court, because Plaintiff alleges that he was "acting under the color of state law as EMT[] or paramedics employed with Charleston County" was "acting completely outside any generally accepted standard of care." (Dkt. No. 5-1 ¶¶ 58, 141.) But the pleading also alleges that the "forcible contact . . . was made for law enforcement purpose only," that "[t]here was no medical purpose whatsoever for the intentional and willful acts of Defendant Carney," and "[t]he purpose of the sedation was not medical in nature. Rather, the purpose of the sedation was a law enforcement action to affect a seizure and assist in the arrest of Decedent." (*Id*. ¶¶ 44, 73, 139.) In other words, Plaintiff alleges that Carney injected Britt with Ketamine to assist with Britt's

-4-

arrest and seizure—to physically subdue Britt—and not to provide him reasonably standard medical care to address, for instance, his strained breathing. Viewing the pleadings in a light most favorable to the non-movant, the Magistrate Judge's found that the claim is properly construed as for assault and battery, which, as the amended complaint pleads, is being "placed in reasonable fear of bodily harm" and the "actual infliction of any . . . forcible contact—rather than a claim for medical malpractice and, therefore, it need not be dismissed for any failure to comply with § 15-79-125. Carney objects that the claim must be construed as for medical malpractice because he is a paramedic, which he contends constitutes a "health care provider" under § 15-79-110(3), which defines the term as a limited to a "physician, surgeon, osteopath, nurse, oral surgeon, dentist, pharmacist, chiropractor, optometrist, podiatrist, or any similar category of licensed health care provider, including a health care practice, association, partnership, or other legal entity." Whether Carney is or is not a "health care provider" is inapposite because § 15-79-125(A), which is likely inapplicable to this claim in federal court under *Pledger v. Lynch*, requires the notice and affidavit when bring an action for injury or death "as a result of medical malpractice," and Plaintiff does not allege that Carney provided sub-standard medical care. Instead, she alleges that Carney inflicted an unwanted touching on Britt by forcibly injecting him with Ketamine despite Britt's objections. The Court adopts the Magistrate Judge's finding that the claim for assault and battery need not be dismissed for failure to comply with South Carolina's medical malpractice statute.

Carney next argues that the assault and battery claim must be dismissed pursuant to S.C. Code § 15-78-70, which is the South Carolina Tort Claims Act providing that an "employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable" except "if it is provided that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime

involving moral turpitude." The pleading specifies that Carney's acts were "intentional and willful" and, in any event, that the claim is "Pursuant to Common Law (Non-SCTCA Claim)." (Dkt. No. 5-1 ¶¶ 136, 139.) Taking the pleadings in a light most favorable to the non-movant, the Magistrate Judge found that they sufficiently allege Carney's conduct was outside the scope of his official duties as a government employee and constituted an "intent to harm." Plaintiff makes no objection specific to this recommendation. The Court adopts the recommendation. Carney's motion to dismiss the Ninth, Tenth and Eleventh Causes of Action is denied.

**B.    § 1983 and Common Law Injunctive Relief (Thirteenth Cause of Action)**

"Plaintiff agrees and consents to the dismissal of her claim for injunctive relief against Defendant Carney." (Dkt. No. 15 at 1.) This Court adopts the R & R to grant Carney's motion and dismiss this claim.

**IV.    Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the order of the Court. (Dkt. No. 17.) Defendant Carney's partial motion to dismiss (Dkt. No. 9) is **granted in part and denied in part**. The amended complaint's claims for assault and battery (Ninth Cause of Action), wrongful death (Tenth Cause of Action), and survival (Eleventh Cause of Action) are not dismissed. The claim for injunctive relief (Thirteenth Cause of Action) is dismissed. And, for the sake of clarity, the Court notes that the claims for § 1983 use of excessive force (First Cause of Action) and § 1983 due process violations (Second Cause of Action) are not at issue on Carney's motion and, therefore, remain alive.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

March 18, 2022  
Charleston, South Carolina