UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tabitha Eileen Britt, as Personal Representative of the Estate of James Claude Britt, Jr., | C/A No. 2:21-cv-03770-RMG-MGB |
| Plaintiff, | |
| Versus | **ANSWERS TO LOCAL RULE 26.03 DISCLOSURES** |
| The County of Charleston, South Carolina; David Abrams, in his official capacity and his individual capacity; Thomas "Chris" Esdorn, in his individual capacity; Gregory "Greg" Carney, in his individual capacity; and David M. French, M.D., in his individual capacity, | |
| Defendants. | |

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court, District of South Carolina, the Defendants, The County of Charleston, South Carolina and David Abrams, in his official capacity and his individual capacity (hereinafter "these Defendants"), by their undersigned attorneys, provide the answers to Local Rule 26.03 Disclosures as follows:

(1) A statement of the facts of the case.

**ANSWER: The Plaintiff has sued these Defendants related to the death of her husband following an encounter with law enforcement where ketamine was administered. These Defendants deny Plaintiff's allegations of wrongdoing.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER: These Defendants anticipate potentially calling as witnesses all of the named Defendants in this case and the Plaintiff. These Defendants will also call as witnesses medical and law enforcement/ EMS experts.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER: These Defendants anticipate calling expert witnesses in the field of law enforcement, toxicology, and EMS/ Emergency medicine.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER: In furtherance of defending against the Plaintiff's claims asserted in their Answer to Plaintiff's Complaint, these Defendants rely on the following affirmative defenses at this time:**

a. **No Proximate Cause: Bishop v. South Carolina Dep't of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998); Small v. Pioneer Machinery, Inc., 329 S.C. 448, 494 S.E.2d 835 (Ct. App. 1997); Wallace v. Owens-Illinois, Inc., 300 S.C. 518, 389 S.E.2d 155 (Ct. App. 1989).**

b. **Governmental Immunity/South Carolina Tort Claims Act: This action is governed by the terms, provisions and affirmative defenses set forth in the South Carolina Tort Claims Act which inter alia provide a limit on the amount of actual damages that can be recovered, a prohibition on the recovery of punitive damages and the Defendant pleads these limitations as a cap on actual damages and a bar to any punitive damages. S.C. Code Ann. §15-78-120**

c. **Punitive Damages Unconstitutional: That any award or assessment of punitive damages as prayed for by the Plaintiff would violate the Defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution. Atkinson v. Orkin Exterminating Co., Inc., 361 S.C. 156, 604 S.E.2d 385 (2004); BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589 (1996).**

d. **Limitation on Punitives / Right to Bifurcate: Any punitive damages awarded in this case would be subject to the limitations as described in S.C. Code §15-32-530 and the Defendants reserve the right to Bifurcate the trial of the case.**

e. **Eleventh Amendment Immunity: Suits against officials acting within their official capacities are actually against the office/agency itself and therefore against the State, baring the suit. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)**

f. **Sovereign Immunity: Under the South Carolina Tort Claims act no award for punitive or exemplary damages Id. section 15-78-120(b); the governmental entity is not liable for a loss from orders or implementation of any process, any law or failure to adopt a law, or the exercise of discretion or judgment by the entity or employee. Id. section 15-78-60(3-5); the actions of third persons. Id. section 15-78-60(20); the government entity is not liable for a loss resulting from the responsibility or duty of supervision, protection, control, confinement, or custody of a person unless the responsibility is exercised in a grossly negligent manner. Id. section 15-78-60(25); no awards of more than three hundred thousand dollars. Id. section 15-78-1209(a)(1).**

g. **Comparative Negligence: Ervin v. Continental Conveyor & Equip. Co. Inc., 674 F. Supp. 2d 709 (D.S.C. 2009).**

h. **No Constitutional Violation: The Defendant asserts that its actions did not violate the Plaintiff's Clearly Established Constitutional rights as set forth in the Fourth, Fifth, Eighth and Fourteenth Amendments.**

i. **Assumption of the Risk: Ervin v. Continental Conveyor & Equipment Co., Inc., 674 F. Supp. 2d 709 (D.S.C. 2009); Davenport v. Cotton Hope Plantation Horizontal Property Regime, 508 S.E.2d 565 (S.C. 1998).**

j. **Qualified Immunity: The Defendants were at all times acting within their official and discretionary capacities and as such, are entitled to qualified immunity.**

k. **No Respondeat Superior Liability: Pursuant to USCA Section 1983, there is no liability on a theory of respondeat superior in this matter.**

l. **Lack of Service: That, pursuant to Federal Rules of Civil Procedure 4, 5, 12(b)(4), 12(b)(5), 12(h)(1) and other applicable authority, some of the Defendants may not have been served with the Summons and Complaint and therefore, this action has not been properly commenced against those Defendants and should be dismissed.**

m. **No Breach : That these Defendants did not breach any duty or standard of care owed to Plaintiff.**

n. **Lack of Foreseeability: The damages alleged by Plaintiff were not at all foreseeable to these Defendants.**

o. **Natural Disease Process: That the Plaintiff's damages were caused by a natural disease process of Mr. Britt and not by any negligence of these Defendants.**

p. **Pre-Existing Medical Condition – That the Plaintiff's damages were caused by a Pre-existing medical condition of Mr. Britt and not by any negligence of these Defendants.**

q. **Pre-Disposition of Medical Condition – That the Plaintiff's damages were caused by a pre-disposition of Mr. Britt to the adverse outcome that he suffered and not by any negligence of these Defendants.**

**r. Right to Set Off – These Defendants are entitled to a set off of any verdict amount corresponding to the amount of settlements made by Plaintiff with other parties related to the alleged events.**

**s. Reservation and Non-Waiver: These Defendants reserve any and all further defenses that may be revealed by additional information during the course of discovery investigation, and as is consistent with the Federal Rules of Civil Procedure, including the right to name third-party defendants.**

(5) Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02:

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

(b) Completion of discovery.

**ANSWER: The parties have submitted a proposed Amended Scheduling Order setting the deadline for Plaintiff to identify experts as October 13, 2022; Defendants deadline for expert disclosure as December 12, 2022 and the close of discovery as January 11, 2023.**

(6) The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

**ANSWER: None known at this time.**

(7) The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER: None known at this time.**

**These Defendants specifically reserve the right to supplement and/or change their Answers to these Interrogatories as discovery progresses in this case.**

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
Email: Info@hoodlaw.com

**/s/ Elloree A. Ganes**
Elloree A. Ganes (FED #9022)
Elloree.ganes@hoodlaw.com
Evan M. Sobocinski (FED #13175)
evan.sobocinski@hoodlaw.com

***Attorneys for the Defendants***
***The County of Charleston, South Carolina and David Abrams, in his official capacity and his individual capacity***

**April 25, 2022**
Charleston, South Carolina