UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tabitha Britt, as Personal Representative of the Estate of James Claude Britt, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> The County of Charleston, South Carolina, <br><br> Defendant. | Case No.: 2:21-cv-03770-RMG-MGB <br><br> **PETITION FOR SETTLEMENT APPROVAL** |

Petitioner Tabitha Britt, as Personal Representative of the Estate of James Claude Britt, Jr., would respectfully petition and show unto the Court as follows:

1. Petitioner Tabitha Britt is the duly-appointed personal representative of the Estate of James C. Britt, Jr. She was appointed personal representative by the Charleston County Probate Court on December 23, 2019. Tabitha Britt has retained McLeod Law Group, LLC and Steinberg Law Firm, LLP to represent the Estate in this matter.

2. On September 30, 2019, James C. Britt, Jr. ("the decedent"), was involved in an incident in Charleston County, South Carolina with the Town of Mount Pleasant Police Department and Charleston County EMS. During the incident, Charleston County EMS injected the decedent with ketamine, despite the decedent's objections, in an attempt to sedate him. The ketamine injection caused him to stop breathing and his heart to stop pumping, and as a result he died on October 8, 2019.

3. As a result of the incident, the Estate asserted survival and wrongful death claims against the Town of Mount Pleasant, the Town of Mount Pleasant Police Department, and its current and former police officers. The Estate entered into a pre-suit settlement (the "Mount Pleasant

settlement") with those parties in September 2020 for a total of $3,000,000.00, which exhausted the available limits of the liability coverages under the applicable insurance policy issued by the South Carolina Municipal Insurance and Risk Financing Fund. That settlement did not apply to any claims, causes of action, or lawsuits that the Estate may have against any other party, entity, or individual—including Charleston County.

4. The decedent died intestate. There are two statutory beneficiaries of the Estate: Petitioner Tabitha Britt (the decedent's widow) and her biological child, L.B., a minor. Petitioner was appointed by the South Carolina Court of Common Pleas as the conservator for L.B. on September 22, 2020. A copy of the order appointing Petitioner as conservator is attached as **Exhibit A**. As the appointed conservator, Petitioner is responsible for controlling and maintaining L.B.'s assets and using them exclusively for L.B.'s care and well-being. *See id.*

5. The Mount Pleasant settlement and distribution was approved by the South Carolina Court of Common Pleas on September 22, 2020. A copy of the order approving the settlement is attached as **Exhibit B**. The Mount Pleasant settlement allocated $2,700,000 to the survival claim of the Estate and $300,000 to the wrongful death claim. *Id.* The net settlement proceeds accruing to the minor, L.B., were allocated to an irrevocable settlement trust for the sole benefit of L.B. with Advocacy Trust, LLC to serve as trustee and Harbor Financial Group LLC to serve as the initial money manager. *See* Petition for Approval of Mount Pleasant Settlement, attached as **Exhibit C**. Advocacy Trust is unique from other trust companies in providing special attention and guidance to plaintiffs by (i) helping them navigate their unique financial needs, (ii) providing expert investment management, trust services, financial planning advice, and (iii) offering other individual tailored support including assistance with public benefits. *Id.* The company (i) retains capital in excess of $1 million, (ii) maintains significant errors and omissions insurance bond to provide our trust clients with

an additional layer of protection from any possible loss to their account ($1 million per incident), and (iii) utilizes a third-party custodial operating platform with FIS (Reliance Trust Corporation) who maintains extensive insurance coverage ($15 million per incident). Pursuant to the order appointing Petitioner as conservator, all expenditures of funds maintained in the irrevocable trust must be approved by the trust manager with Advocacy Trust as the trustee and in accordance with the parameters of the trust document.

6. On October 15, 2021, Petitioner initiated this action in state court against the County of Charleston and several individual defendants affiliated with Charleston County EMS. On behalf of the Estate, Petitioner asserted wrongful death and survival claims against the defendants based on excessive force, due process violations, bystander liability, supervisory liability, and *Monell* liability under 28 U.S.C. § 1983; and negligence, gross negligence, negligent supervision, negligent training, and negligent retention under the South Carolina Tort Claims Act. The defendants removed the action to this Court on November 17, 2021. Subsequent to removal, the Petitioner and her attorneys have engaged in motions practice, extensive discovery involving the gathering and production of numerous and identification of witnesses. Further, Petitioner retained and identified expert witnesses in the areas of financial loss, toxicology and the standard of care.

7. On July 13, 2023, as partial consideration for the settlement reached by the parties, Petitioner dismissed the individual defendants, leaving only her *Monell* liability claim and Tort Claims Act claims against the County. Because the individuals were dismissed, the parties jointly moved to remand this case to state court for approval of the settlement.

8. Although the County of Charleston disputes liability, the County and its insurer have agreed to pay the total sum of $1,100,000 to settle Petitioner's claims. In light of the proposed settlement, Petitioner hereby petitions this Court pursuant to S.C. Code Ann. § 15-51-42, S.C.

Code Ann. § 62-5-433, and Local Civil Rules (D.S.C.) 17.02 and 17.03 for an order approving the terms of the settlement.

9. The undersigned is fully aware of the facts regarding liability for the decedent's injuries and death, and the County of Charleson disputes any liability for the decedent's death and resulting damages. Nevertheless, the parties wish to settle these disputed claims and the Personal Representative believes it is in the best interest of the Estate and the statutory beneficiaries to forever settle these claims against the County as more fully set forth herein.

10. Because there is no conflict among statutory beneficiaries, Petitioner allocates the entire $1,100,000 settlement to the survival claim. From this $1,100,000, the Petitioner, as personal representative of the Estate, will be paid $100,000 as her statutory fee for serving as personal representative. This $100,000 fee is less than 5% of the total probate estate, which includes the proceeds from the $1,100,000 settlement in this action and the $3,000,000 Mount Pleasant settlement. The fee is therefore appropriate pursuant to S.C. Code Ann. § 62-3-719(a) ("[A] personal representative shall receive for his care in the execution of his duties a sum from the probate estate funds not to exceed five percent of the appraised value of the personal property of the probate estate."). In an effort to accommodate Petitioner the undersigned voluntarily agreed not to charge a fee on the first $100,000 of settlement funds which constitute the personal representative's statutory fee.

11. The remaining $1,000,000 will be disbursed as follows:

| | | |
|---|---|---|
| Attorneys' Fees: | $240,000 | McLeod Law Group, LLC |
| | $160,000 | Steinberg Law Firm, LLP |
| | $400,000 | Total Attorneys' Fees |
| Expenses: | $26,503.33 | McLeod Law Group, LLC |
| | $0.00 | Steinberg Law Firm, LLP |
| | $26,503.33 | Total Expenses |
| Net to Petitioner: | $286,748.33 | for Petitioner individually |
| | $286,748.34 | for the benefit of L.B. |

A settlement statement reflecting this disbursement is attached as **Exhibit D**. In an effort to accommodate the Petitioner the undersigned voluntarily offered not to charge a fee on the first $100,000 of the settlement funds that were to constitute in order to facilitate settlement and to fund the statutory fee for the personal representative.

12. Petitioner is of the opinion that the total attorney's fees is fair and reasonable under the circumstances and reflects substantial and fruitful efforts put forth by McLeod Law Group, LLC and Steinberg Law Firm, LLP, that such fee should be approved by the Court, and that the Petitioner, as Personal Representative of the Estate of James C. Britt, Jr., should be authorized to pay such sum out of the total settlement proceeds. Petitioner's fee agreement with counsel is attached as **Exhibit E**.

13. All outstanding liens were satisfied through the Mount Pleasant settlement.

14. Upon approval of this Court, Petitioner, as conservator for L.B., will allocate the net settlement proceeds accruing to L.B. to the same irrevocable settlement trust set up for the benefit of L.B. as part of the Mount Pleasant settlement, with Advocacy Trust, LLC to serve as trustee, pursuant to the order from Judge Price dated September 22, 2022, **Ex. A**. The trust shall extend beyond the age of eighteen and distribute the full corpus of the trust pursuant to the terms of the Trust Agreement.

15. Petitioner is informed and believes the trust is authorized by S.C. Code Ann. § 62-5-103 and complies with Settlement Procedure for Minors or Incapacitated Persons issued by the Supreme Court of South Carolina on May 23, 2014. Petitioner is further informed and believes the trust is a restricted account pursuant to and as required by S.C. Code Ann. § 62-5-402(D).

16. Petitioner has carefully considered this settlement under all facts and circumstances. She is satisfied from the facts and circumstances that the acceptance of the settlement offer will be advantageous and in the best interest of the Estate and L.B. as it will

eliminate the risk of an adverse or limited verdict. Petitioner therefore respectfully requests that this Court approve the settlement.

17. Petitioners' attorneys also agree the settlement is in the best interest of the Estate and L.B.

WHEREFORE, Petitioner, Tabitha Britt, as Personal Representative of the Estate of James C. Britt, Jr., prays:

1. That this Court approve the above-described settlement proposal as set forth in the attached statements and authorize the Petitioner as Personal Representative of the Estate of James C. Britt, Jr., to consummate the settlement and execute the proper receipts and releases for all sums to be paid hereunder;

2. That this Court authorize and direct the County of Charleston to pay Petitioner Tabitha Britt, as Personal Representative of the Estate of James C. Britt, Jr., the settlement proceeds outlined above;

3. That this Court authorize and direct Petitioner, as Personal Representative of the Estate of James C. Britt, Jr., to pay attorney's fees in the amount of $400,000.00, plus costs, to McLeod Law Group, LLC and Steinberg Law Firm, LLP.

4. For such other and further relief as this Court may deem just and proper.

_____
Tabitha Britt, as Personal Representative of the
Estate of James C. Britt, Jr., Deceased

STATE OF FLORIDA              )
                              )   VERIFICATION
COUNTY OF POLK                )

PERSONALLY, appeared before me, Tabitha Britt, who, first being duly sworn, deposes and says that she is the Petitioner in the foregoing proceedings; that she has read the allegations set forth in the foregoing Petition and the same are true and correct to the best of her knowledge, information, and belief.

_____
TABITHA BRITT

Sworn to and described before me on this
__08__ day of __August__, 2023

__Norma Tasha Totaram__ (L.S.)
Notary Public for Florida
My Commission Expires: __November 14, 2025__

NORMA TASHA TOTARAM
Notary Public-State of Florida
Commission # HH 198120
My Commission Expires
November 14, 2025

8

## ATTORNEY'S CERTIFICATE

I hereby certify that I, as attorney for Tabitha Britt, as Personal Representative of the Estate of James C. Britt, Jr., have considered the proposed settlements set forth hereinabove and do hereby approve such settlements and recommend that she be approved by this Court.

This the 8th day of August, 2023, in Charleston, South Carolina.

*s/ W. Mullins McLeod, Jr.*
W. Mullins McLeod, Jr., Esquire
McLeod Law Group, LLC

Charleston, South Carolina
Date: August 8, 2023